# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANIEL R. HANEY | ) |
| | ) |
| Plaintiff, | ) Case No. 16-cv-378 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS and ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS | ) |
| EMPLOYEES MS. COTTON, MS. SMITH, | ) |
| and SHIFT COMMANDERS MS. PETTUS | |
| and MS. ROEDRIGUEZ of CROSSROADS | |
| ATC FACILITY. | |
| | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Daniel R. Haney ("Haney") filed a complaint in the Circuit Court of Cook County against the Illinois Department of Corrections, Illinois Department of Corrections employees Laverne Cotton and Ms. Smith, and Illinois Department of Corrections shift commanders Tocarra Pettus and Ms. Rodriguez. Cotton and Pettus removed the action to this Court. Haney subsequently voluntarily dismissed the Illinois Department of Corrections from the complaint with prejudice. Cotton and Pettus, the only remaining defendants who have been served, now move to dismiss Haney's complaint for failure to establish subject matter jurisdiction or, alternatively, for failure to state a claim for which relief may be granted. For the reasons set forth below, the defendants' motion to dismiss [6] is granted.

**Background**

The following factual allegations are taken from the complaint and are accepted as true for the purpose of ruling on the instant motion. Haney was incarcerated at the Illinois Department of

1

Corrections' Crossroad ATC facility. (Dkt. 2-4 ¶¶ 11, 14). On July 18, 2015, Haney was transported to the hospital after complaining of dizziness, vomiting, and diarrhea. (Dkt. 2-4 ¶ 14). Haney was diagnosed with Gastritis and prescribed an acid blocker, Pantoprazole, to be taken prior to his evening meals beginning on July 19th. (*Id.* ¶ 15). At approximately 11:30 AM on July 19th, Haney asked Cotton to find out about the status of his prescription, which he had not yet received. (*Id.* ¶ 16). Approximately one hour later, Haney asked another Crossroads employee, Smith, to find out about the status of his prescription. (*Id.* ¶ 17). Neither Cotton nor Smith subsequently got back to Haney. (*Id.* ¶¶ 16–17). At 1:45 PM that day, Haney asked another Crossroads employee to contact Shift Commander Pettus. (*Id.* ¶ 18). That employee called the lobby and spoke to Cotton, who indicated that she had not forgotten about Haney. (*Id.*). Haney was subsequently informed that his prescription had been dropped off, but that the facility would be unable to pick it up before the pharmacy closed. (*Id.* ¶ 20). But Haney did not receive his prescription in the coming days and had to again be hospitalized on July 23rd due to his untreated symptoms. (*Id.* ¶¶ 19–26). During that visit, the hospital filed Haney's prescription prior to his discharge, and Haney's symptoms abated. (*Id.* ¶¶ 24–25). Haney subsequently brought this suit, asserting a claim against the Illinois Department of Corrections under 42 U.S.C. § 1983 and a negligence action against defendants Cotton, Smith, Pettus, and Rodriguez. Pettus and Cotton now move this Court to dismiss Haney's complaint.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must allege factual "allegations that raise a right to relief

above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

As an initial matter, this Court notes that at a January 28, 2016 status hearing Haney voluntarily dismissed the Illinois Department of Corrections with prejudice. Because the Illinois Department of Corrections was the only defendant named in Count II that Count, which was the basis for federal jurisdiction in this case, is accordingly dismissed.

Having dismissed the plaintiff's federal claim, this Court ultimately has discretion over whether to exercise supplemental jurisdiction over the plaintiff's remaining state law negligence claims against defendants Cotton and Pettus. *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639–40, 129 S.Ct. 1862, 173 L.Ed.2d 843 (2009); 28 U.S.C. § 1367(c). In the interest of judicial efficiency and in light of the fact that the defendants' motion is fully briefed, this Court exercises its supplemental jurisdiction over Haney's remaining claim.

The defendants first contend that this Court does not have subject matter jurisdiction over Haney's claims under the doctrine of sovereign immunity. Haney, in his response, does not challenge this contention. It is well-established, however, that sovereign immunity does not impair a federal court's subject-matter jurisdiction because it "concerns the remedy rather than adjudicatory competence." *Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008). Accordingly, this Court

considers the defendants' sovereign immunity argument in analyzing the merits of this action pursuant to Rule 12(b)(6).

Under Illinois law, the Illinois Court of Claims has exclusive jurisdiction over all claims against the state for damages in cases sounding in tort. 705 ILCS 505/8. The Illinois Supreme Court has held that this prohibition cannot be evaded by making an action nominally one against the servants or agents of the state when the real claim is against the State of Illinois itself and when the State of Illinois is the party vitally interested. *Healy v. Vaupel*, 549 N.E.2d 1240, 1247, 133 Ill.2d 295, 309 (1990). Illinois law recognizes a complaint against a state employee as being against the state when (1) there are no allegations that an agent or employee of the state acted beyond the scope of her authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of state employment; and (3) the complained-of actions involve matters ordinarily within that employee's normal and official functions. *Id.*

Here, the complaint does not allege that Cotton or Pettus acted outside the scope of their authority as state employees, and the duties that they allegedly breached clearly arose out of their state employment and within their ordinary responsibilities. Accordingly, and in light of Haney's apparent concession of this issue, this Court holds that Haney's claims against Cotton and Pettus are barred under the doctrine of statutory immunity. *Cruz v. Cross*, No. 08-cv-4873, 2010 WL 3655992, at *4–5 (N.D. Ill. Sept. 10, 2010) (Dow., J.).

Alternatively, the defendants contend that Haney has failed to plausibly allege a claim of negligence. To state a claim for negligence under Illinois law, Haney must allege (1) the existence of a duty, (2) a breach of that duty, and (3) injury proximately resulting from that breach. *Bruns v. City of Centralia*, 21 N.E.3d 684, 688, 2014 IL 116998, ¶ 12 (2014). Haney, however, has not alleged with specificity that Cotton or Pettus had a duty to him, that they breached that duty, or that their breach of that duty resulted in Haney's injury. This Court specifically notes that Haney has not alleged that

4

either Cotton or Pettus were responsible for the dispensation of medications.  Haney's allegations against Cotton amount to no more than the fact that he had asked Cotton to check on the status of his prescription, that Cotton did not report back to him, and that Cotton subsequently indicated to another staff member that "they had not forgotten about [Haney]."  Haney's allegations against Pettus are even more threadbare.  Haney alleges that he asked Armando Salinas to contact Shift Commander Pettus.  He does not allege, however, that Salinas did contact Pettus, or that Pettus engaged in any action or omission that impacted Haney.  Haney has not alleged that Cotton or Pettus had any duty to him, and this Court cannot conceive any hypothetical duty that would have been breached based on the allegations before this Court.  Accordingly, Haney has failed to plausibly allege a negligence claim against Pettus or Cotton.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss [6] is granted, and this case is dismissed without prejudice.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: March 4, 2016